By the Court,
Cowen, J.
On the pleadings, the case is this: These five defendants were sued in the supreme court of Ohio; and all appeared by attorneys under the retainer of Pratt and Taylor. These two authorized the attorneys to appear for the whole. Judgment was accordingly obtained against all. Now in a suit here against all upon that judgment, Pratt and Taylor, the only parties brought into court, plead a want of jurisdiction in the court of Ohio, on the ground (inter alla) that there was no appearance in that court. This I think they are clearly estopped to do even independently of the more general question, whether the appearance of an attorney without authority, would not of itself be an estoppel. They were themselves the authors of a retainer and appearance, steps which led the plaintiffs to go on and take judgment against all; and now they alone, (not the defendants for whom they caused the appearance,) set up the want of authority. This is in the face of their own act which led not only to the judgment in Ohio, but the action of debt here. To allow them to plead as they have done, would be to legalize the grossest iniquity in direct terms. We need not inquire how it would be as to the other defendants. They do not plead. Pratt and Taylor have raised against themselves an estoppel in fais; and carried *66 it into the record. They are precluded from all right to plead as they have done, by a double estoppel.
I am by no means prepared to admit, even had the other defendants pleaded their non-appearance, that we could have allowed their plea. We certainly could not in respect to a judgment of our own; but should have put them to a motion grounded on merits, when we might have opened the judgment upon terms. The appearance of an attorney in a court. of record, whether with or without actual authority, is a good appearance as to the court, and so far binding on the party that he cannot question its validity in a collateral way. Constitutionally, we are bound to give full faith and credit to a record or judicial proceeding in á neighboring state which asserts the fact of appearance by an, attorney in one of its courts. That measure of faith could hardly be called full, which should allow to be raised collaterally, a question against which our own records would conclude. It is by no means clear, therefore, that the party aggrieved should not be turned over to the foreign court for relief. But on this point it is not now necessary to pronounce definitively. There must be judgment for the plaintiff on the ground of estoppel as against Pratt and Taylor.